**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Clyde Salyer and Donald Shaw, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.   10 C 3038 |
| Allied Interstate, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiffs, Clyde Salyer and Donald Shaw, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, Clyde Salyer ("Salyer"), is a citizen of the State of Ohio, from whom Defendant continued to demand payment of a delinquent consumer debt owed for an HSBC credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Donald Shaw ("Shaw"), is a citizen of the State of Ohio, from whom Defendant continued to demand payment of a delinquent consumer debt owed for an HSBC credit card, despite the fact that he had demanded, through his LASPD legal aid attorney, located in Chicago, Illinois, that Defendant cease communications and cease collection actions.

5. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Allied operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

7. Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

**Mr. Clyde Salyer**

8. Mr. Salyer is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for an HSBC credit card. When Allied began trying to collect this debt from Mr. Salyer, he sought the assistance

of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Allied's collection actions.

9. Accordingly, on March 2, 2010, one of Mr. Salyer's attorneys at LASPD informed Defendant Allied, in writing, that Mr. Salyer was represented by counsel, and directed Allied to cease contacting him, and to cease all further collection activities because Mr. Salyer was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant Allied sent a collection letter, dated March 11, 2010, directly to Mr. Salyer, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on April 3, 2010, one of Mr. Salyer's LASPD attorneys wrote to Defendant Allied, to again demand that Allied cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

**Mr. Donald Shaw**

12. Mr. Shaw is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for an HSBC credit card. When Allied began trying to collect this debt from Mr. Shaw, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Allied's collection actions.

13. On February 25, 2010, one of Mr. Shaw's attorneys at LASPD informed Allied, in writing, that Mr. Shaw was represented by counsel, and directed Allied to cease contacting him, and to cease all further collection actions because Mr. Shaw was

forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter as Exhibit F.

14. Nonetheless, on April 9, 2010, Defendant Allied sent Mr. Shaw a collection letter, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit G.

15. Accordingly, on April 28, 2010, one of Mr. Shaw's LASPD attorneys wrote to Defendant Allied, to again demand that Allied cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

16. All of Defendant Allied's collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Mr. Salyer's and Mr. Shaw's agent, LASPD, told Defendant Allied to cease communications and cease collections (Exhibits C and F).

4

By continuing to communicate regarding these debts, and demanding payment, Defendant Allied violated § 1692c(c) of the FDCPA.

21. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant Allied knew that Mr. Salyer and Mr. Shaw were represented by counsel in connection with their debts because their attorneys at LASPD had informed Allied, in writing (Exhibits C and F), that they were represented by counsel, and had directed Defendant Allied to cease communicating with them. By directly sending Mr. Salyer and Mr. Shaw collection letters, despite being advised that they were represented by counsel, Defendant Allied violated § 1692c(a)(2) of the FDCPA.

25. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Clyde Salyer and Donald Shaw, pray that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Salyer and Shaw, and against Defendant Allied, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Clyde Salyer and Donald Shaw, demand trial by jury.

    Clyde Salyer and Donald Shaw,

    By: /s/ David J. Philipps
    One of Plaintiffs' Attorneys

Dated: May 17, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com